UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* THOMAS McARTOR and KEITH RAMSEY, | ) ) ) ) |
| Relators/Plaintiffs, | ) ) |
| v. | ) CASE NO: 1:08-cv-0133-WTL-DML ) |
| ROLLS-ROYCE CORPORATION, | ) ) |
| Defendant. | ) |

## Order on Motion for Leave to Take Limited Jurisdictional Discovery

In this *qui tam* case, defendant Rolls-Royce Corporation ("Rolls-Royce") has moved (Dkt. 72) the court for limited documents discovery from each of the relators to support Rolls-Royce's motion to dismiss the relators' amended complaint under Rule 12(b)(1).

## Background

Relator Thomas McArtor filed his original complaint on February 1, 2008. As provided by 31 U.S.C. § 3730(b), which governs *qui tam* actions by private persons, the complaint was filed under seal to allow the United States time to determine whether to intervene and prosecute the action itself. *See* 31 U.S.C. § 3730(b)(2). The court granted the United States numerous extensions of time to decide whether to intervene and, after being notified by the United States in December 2010 of the government's election to decline intervention (*see* 31 U.S.C. § 3730(b)(3)), the court lifted the seal on the complaint and directed Mr. McArtor to serve defendant Rolls-Royce. (*See* Dkt. 39). Instead of serving Rolls-Royce with the original complaint, Mr. McArtor filed an amended complaint that, among other things, joined another relator—Keith Ramsey. Messrs. McArtor and Ramsey then served Rolls-Royce with the

amended complaint. Count I of the amended complaint contains both the relators' *qui tam* claims. Counts II and III are brought by Mr. McArtor only and allege that Rolls-Royce unlawfully retaliated against him in violation of protections provided by the *qui tam* statute and Indiana common law.

On July 20, 2011, Rolls-Royce moved to dismiss Count I of the amended complaint for lack of federal subject matter jurisdiction and for failure to state a claim on which relief may be granted. After the relators responded to Rolls-Royce's motion to dismiss, Rolls-Royce filed this motion seeking leave to conduct certain discovery before filing its reply brief in support of its motion to dismiss.[1] It asks for an order requiring Mr. McArtor and Mr. Ramsey to produce "all documents and things comprising or constituting, or contained within or referenced by, any submission" by either of them made under 31 U.S.C. § 3730(b)(2). Rolls-Royce maintains that these discovery requests are germane to its argument that the court lacks subject matter jurisdiction under the "public disclosure" rule, which is grounded in Rolls-Royce's assertion that the relators have not sufficiently alleged that they are an "original source" of the information on which the claims are based.[2]

## Analysis

In order to address the question immediately at hand—whether Rolls-Royce should be permitted the discovery it now seeks—the court will first provide some background on the defense Rolls-Royce has asserted and the nature of the discovery it wants. It will then discuss

---

[1] Discovery in this case has otherwise been stayed, based on the parties' agreement and the court's approval.

[2] Rolls-Royce has advanced two additional arguments in its motion to dismiss, the first-to-file rule and the failure to plead fraud with particularity, but it does not seek discovery to bolster those arguments at this point.

the relators' objections to the discovery, followed by the court's resolution of the issues presented.

### A. The Public Disclosure and Original Source Rule

The version of 31 U.S.C. § 3730(e)(4)—the public disclosure and original source rule—applicable to this case is the one that existed before a recent amendment that became effective in 2010 because this case alleges wrongful conduct that occurred before that amendment. *See Graham County Soil & Water Conservation Dist. v. United States ex rel. Wilson,* 130 S.Ct. 1396, 1400 n. 1 (2010) (new version of section 3730(e)(4) signed into law as part of the Patient Protection and Affordable Care Act, Pub. L. 111-148, § 10104(j)(2), 124 Stat. 119, should not be retroactively applied). The applicable version reads:

> (A) No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation, or from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.
>
> (B) For purposes of this paragraph, "original source" means an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action under this section which is based on the information.

31 U.S.C. § 3730(e)(4)(A), (B).[3]

---

[3] The current version reads: (A) The court shall dismiss an action or claim under this section, unless opposed by the Government, if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed—(i) in a Federal criminal, civil, or administrative hearing in which the Government or its agent is a party; (ii) in a congressional, Government Accountability Office, or other Federal report, hearing, audit, or investigation; or (iii) from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information. (B ) For purposes of this paragraph, "original source" means an individual who either (i) prior to a public disclosure under subsection (e)(4)(a), has voluntarily disclosed to the Government the information on which allegations or transactions in a claim are based, or (2) who has knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions, and who has voluntarily provided the

The court's "jurisdiction" referenced in section 3730(e)(4)(A) means its subject matter jurisdiction, so if the allegations or transactions had been publicly disclosed and the person bringing the action is not an original source, then the court lacks subject matter jurisdiction over the claim. *Rockwell Internat'l Corp. v. United States,* 549 U.S. 457, 468 (2007).

**B. Rolls-Royce's Public Disclosure and Original Source Arguments in Its Motion to Dismiss**

Rolls-Royce's Rule 12(b)(1) argument and its request for limited jurisdictional discovery are based in significant part on the fact that the amended complaint does not clearly separate those allegations asserted by relator McArtor as an original source, those asserted by relator Ramsey as an original source, and those for which they both are allegedly "an" original source. It similarly does not expressly distinguish between the *qui tam* claims asserted by Mr. McArtor and those asserted by Mr. Ramsey. Rather, the *qui tam* count (Count I) incorporates by reference all the general factual allegations of the complaint, which include description of four different ways in which Rolls-Royce allegedly defrauded the United States:

- Claim A, that Rolls-Royce fraudulently induced the government to enter into various defense contracts, and then submitted claims for payment under the contracts, by promising to comply with certain quality management standards when Rolls-Royce did not intend to follow those standards;

- Claim B, that Rolls-Royce adopted procedures to conceal equipment defects and instances in which it was notified that equipment delivered to a customer failed to meet quality standards and thus had "escaped" to customer delivery despite the deficiency in quality;

---

information to the government before filing an action under this section. *See* Pub. L. 111-148, §10104 (j)(2).

- Claim C, that Rolls-Royce falsely certified that products shipped to the United States and for which payment demands were made complied with various quality controls; and

- Claim D, that Rolls-Royce engaged in fraudulent behavior in connection with Rolls-Royce's 2005 recertification of its quality control system, recertification that the Department of Defense required in order for Rolls-Royce to keep its current government contract and obtain additional contracts.

Mr. McArtor's original complaint included allegations that fit these same four categories. Rolls-Royce argues that because Mr. McArtor's original complaint was unsealed and publicly disclosed before Mr. Ramsey joined the suit and the amended complaint was filed, the amended complaint does not provide a sufficient basis for the court to exercise jurisdiction over Mr. Ramsey's claims. First, argues Rolls-Royce, certain factors show that Mr. Ramsey could not have had direct and independent knowledge of some of the matters described in the original complaint and repeated in the amended complaint. Second, because Count I does not distinguish between the two relators, the commingling of their allegations strongly suggests that Mr. Ramsey is not an original source of at least some of the allegations or transactions described in the amended complaint.

That Mr. Ramsey is not an original source of certain allegations and is not himself asserting particular claims is apparently not controversial. The relators now acknowledge that Mr. Ramsey is an original source only as to the two claims based on alleged manufacturing violations. He is not asserting claims based on the matters included in Claim B and Claim D. (*See* Dkt. 69-1 at pp. 3, 35).[4]

---

[4] The relators explain in their response to the motion to dismiss that Mr. Ramsey is an original source only with respect to allegations supporting two claims—those described as Claims A and C concerning Rolls-Royce's alleged fraudulent inducement of the government to

But Rolls-Royce *also* argues that the commingling of the two relators' allegations renders *all the qui tam claims*, including *Mr. McArtor's claims*, jurisdictionally deficient. Even though Rolls-Royce has not argued that Mr. McArtor is not an original source of the allegations and transactions alleged in the original complaint and repeated in the amended complaint (and indeed apparently acknowledges that he is), it contends that the defect necessarily infects Mr. McArtor's claims too because the amended complaint does not distinguish between Mr. Ramsey and Mr. McArtor for purposes of Count I. In other words, as the court understands it, Rolls-Royce acknowledges that if the amended complaint had been drafted so that claims asserted by Mr. McArtor alone were separated from the claims asserted by Mr. Ramsey, it would have had no basis for challenging the court's subject matter jurisdiction over Mr. McArtor's claims.

### C.  Discovery Sought by Rolls-Royce

Before it files its reply brief in support of the motion to dismiss, Rolls-Royce wants, despite the stay, discovery of the following documents:

> 1.  All documents and things comprising or constituting, or contained within or referenced by Mr. McArtor pursuant to Section 3730(b)(2) in the present lawsuit.
>
> 2.  All documents and things comprising or constituting, or contained within or referenced by, any submission by Mr. Ramsey pursuant to Section 3730(b)(2) in the present lawsuit.

(*See* Dkt. 72-1).

---

enter into, and make payments under, contracts requiring Rolls-Royce's products to meet certain quality control standards when Rolls-Royce purportedly knew that it did not intend to, and had not, complied with required quality control standards and measures. Mr. Ramsey "has no connection" to the "quality escapes" described in Claim B or the 2005 quality program recertification described in Claim D. *See* Dkt. 69-1 at p. 3.

To facilitate the United States's decision whether to intervene in a *qui tam* action brought by a private person, section 3730(b)(2) requires the person to serve the United States with certain documents. It provides:

> (b)(2) A copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government. . . . The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders. The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.

Rolls-Royce contends that if it is provided with each of Mr. McArtor's and Mr. Ramsey's pre-suit section 3730(b)(2) disclosures to the United States, then Rolls-Royce can better determine whether and how Mr. Ramsey is an original source (i.e., has direct and independent knowledge) of information on which allegations in the amended complaint are based. Rolls-Royce says it wants Mr. McArtor's disclosures so that it can compare the disclosures by the two men, also for the purpose of differentiating matters about which Mr. Ramsey is or may be an original source as opposed to a mere "copy cat" of Mr. McArtor's disclosures. Rolls-Royce acknowledges that requests for production of section 3730(b)(2) disclosures may raise work product concerns, and it asks the court to order the production of the disclosures "except for those sections, if any, that provide the mental impressions, conclusions, opinions or legal theories of Relators' counsel concerning this lawsuit." (*See* Dkt. 72 at p. 4).

### D. The Relators' Objections to Discovery

The relators object to this discovery on several grounds. Principally, they object to Rolls-Royce being afforded one-sided discovery. In connection with the entry of the case management order, the relators agreed with Rolls-Royce to a stay of discovery by both sides pending the court's decision on Rolls-Royce's motion to dismiss the amended complaint. If any discovery is to proceed, they maintain, then it should be open to both sides. Second, the relators point out

7

that Rolls-Royce has implicitly acknowledged that discovery is not necessary to decide its motion to dismiss because Rolls-Royce brought the motion without seeking any discovery and after receiving several extensions of time to respond to the amended complaint. Third, the relators argue that because Rolls-Royce's public disclosure and original source argument really challenges only whether Mr. Ramsey is an original source, Rolls-Royce does not need Mr. McArtor's section 3730(b) disclosure statement; Mr. Ramsey's disclosure statement (if discoverable and needed at all) would be sufficient for Rolls-Royce's proffered purpose to determine whether he is an original source of allegations in the amended complaint.

Lastly, the relators argue that even if Rolls-Royce is permitted to serve its documents requests, the relators will assert work product protection—both ordinary and opinion work product—and Rolls-Royce will be unable to demonstrate the requisite substantial need to obtain the "ordinary" work product embodied in the statements. (Rolls-Royce has agreed that opinion work product may be redacted.) Thus, contend the relators, even if this limited discovery is permitted, it will lead the parties nowhere. And for this last reason, the relators suggest that Rolls-Royce's request to obtain the limited discovery it seeks on the present motion is really a maneuver to conduct more full-blown discovery regarding Mr. McArtor's and Mr. Ramsey's "direct and independent" knowledge of the information on which their allegations are based.

    E. **The Court's Determination**

        1.  Clarification of the Operative Complaint

The arguments raised by the relators—as well as some further practical concerns—convince the court that allowing Rolls-Royce to conduct the limited discovery it seeks, followed by the filing of its reply brief on the motion to dismiss the amended complaint, will not advance the resolution of the motion but instead would unnecessarily stall this lawsuit. Proceeding in that

manner will cause the parties and the court to expend significant resources addressing matters that may well not be issues at all, to be followed by more motion practice once the actual issues have been distilled. Rather than the parties and the court engaging in an unwieldy discovery and motions practice to distinguish the allegations for which Mr. McArtor claims to be an original source, those for which Mr. Ramsey claims to be an original source, and those for which both claim to be an original source, the relators should first simply amend their complaint to address this.[5] Rolls-Royce can then assert by motion whatever jurisdictional and other defenses it deems appropriate. And it can file its motion(s) after it has taken the discovery, if any, it thinks it needs to develop those defenses.[6]

The relators are ordered to file an amended complaint consistent with this order by November 14, 2011. In doing so, they should also be cognizant that wholesale incorporation by reference of common factual allegations in the *qui tam* count(s) could lead to the same lack of clarity that generated unnecessary argument. Upon the filing of the amended complaint, the pending motion to dismiss will become moot. Rolls-Royce can then assert by way of motion any

---

[5]    As noted above, the relators have already conceded that the current complaint purportedly asserts claims on behalf of Mr. Ramsey that he does not intend to assert. *See* Dkt. 69-1 at p. 35.

[6]    Indeed, if the court did exactly as Rolls-Royce urges (permitting discovery followed by dismissal on subject matter jurisdiction grounds), this is exactly where the parties would end up—just many months later. If the relators' claims were dismissed under Fed.R.Civ.P. 12(b)(1), they could amend to cure the jurisdictional deficiency. *See, e.g.*, *Barry Aviation, Inc. v. Land O'Lakes Municipal Airport Comm'n,* 377 F.3d 682, 687 (7th Cir. 2004) (reversing district court's denial of leave to amend, holding that court should deny a plaintiff an opportunity to amend his complaint after granting a motion to dismiss only if it appears to a certainty that the plaintiff cannot cure the deficiencies in the complaint).

Rule 12 arguments it then wishes to assert based on the newly-amended (and clarified) complaint.[7]

2. Discovery

For all the reasons explained above, limited discovery on the issue posited by Rolls-Royce in its current motion to dismiss is not appropriate. Its motion for limited discovery (Dkt. 72) is therefore denied. At the initial pretrial conference, counsel expressed the parties' agreement to stay discovery pending the court's ruling on the motion to dismiss. The court blessed that agreement at the time, but the subsequent development of this case and the refinement of the issues the court expects amendment to achieve convince this magistrate judge that the general stay of discovery should be lifted. The parties may begin discovery upon the filing of the relators' new amended complaint.

3. Work Product Issues

In the course of briefing Rolls-Royce's motion to conduct limited discovery, the parties raised certain work product doctrine issues. The court now addresses those because, even though Rolls-Royce's motion has been denied, it expects these issues will continue to be raised in discovery. For example, following amendment, Rolls-Royce may still seek discovery on whether Mr. Ramsey is an original source, and it will presumably still request production of the documents described in section C above: the relators' section 3730(b)(2) submissions. And the relators will presumably still object to that request on work product grounds.

The relators' section 3730(b)(2) statements to the government likely would contain information relevant to the original source issue, because the statement's purpose is to provide the government with "substantially all material evidence and information" the person possesses

---

[7] Rolls-Royce could also raise the issue in connection with Rule 56 practice.

that supports his allegations. But, as explained below, there are probably better sources of discovery for determining the extent to which a relator is an original source that do not raise work product issues and that would permit the full and fair airing of the issue.

Given the statutory purpose of disclosure statements and the fact in this case that they were written by the relators' counsel, those statements (at least in the abstract—the court has not been provided with the statements) are likely work product within the meaning of Fed. R. Civ. P. 26(b)(3), defined as a document prepared in anticipation of litigation or for trial by or for a party. A relator's sharing of the document with the government, as required by statute, would not necessarily result in a waiver of work product protection because waiver generally occurs when the document is shared in a manner that substantially increases the opportunity for a party's adversary to obtain the information. *Basf Aktiengesellschaft v. Reilly Industries, Inc.,* 224 F.R.D. 438, 442-43 (S. D. Ind. 2004) (quoting *Tronitech, Inc. v. NCR Corp.,* 108 F.R.D. 655, 657 (S.D. Ind. 1985)) ("The work product doctrine . . . is intended only to prevent disclosure to the opposing counsel and his client, so it is not ordinarily waived by disclosure to third parties").[8] As noted above, Rolls-Royce has conceded that any opinion work product within the disclosure statements could be redacted,[9] and Rolls-Royce has not yet made any showing here of substantial

---

[8]  The court in *United States ex rel. Burns v. A.D. Roe Co.,* 904 F. Supp. 592 (W.D. Ky. 1995), which ordered disclosure of a relator's section 3730(b)(2) statement, rejected work product protection because the statement consisted only of factual information and did not contain any attorney mental impressions, opinions, or conclusions. *Id.* at 594. Because the statement was "ordinary" work product and the court found that the defendant had demonstrated a substantial need for the information and could not, without undue hardship, obtain the substantial equivalent by other means, there was no other impediment to its production. *Id.* The court did not rule that section 3730(b)(2) statements are never work product, nor has Rolls-Royce cited any decision holding that 3730(b)(2) statements are never work product.

[9]  The courts that have addressed the issue consistently rule that, to the extent a relator has argued and can show that portions of his section 3730(b)(2) statement contain opinion work product, those portions may be redacted. *See, e.g., United States ex rel. Yannacopoulos v.*

need or the inability, without undue hardship, to obtain equivalent information by other means. The observation by the *Burns* court that the disclosure statement before it was "vitally" important to the defendant being "made completely aware of the allegations against which it must defend," 904 F. Supp. at 594, does not seem to apply to this case. *See also United States ex rel. Stone v. Rockwell Internat'l Corp.,* 144 F.R.D. 396, 401 (D. Colo. 1992) (also ordering production of section 3730(b)(2) statement based on finding that defendant had substantial need for the document and its equivalent could not be obtained through other means, particularly with the trial approaching and "it is imperative that the defendant be made aware of the facts supporting the plaintiff's position as quickly as possible"). Rolls-Royce has not to date argued that it needs the disclosures for purposes of preparing a defense.

There are ways to probe the nature and extent of Mr. Ramsey's "direct and independent" knowledge without access to work product. He could produce documents, answer interrogatories, and be deposed. So could Mr. McArtor. *See United States ex rel. Carter v. Halliburton,* 266 F.R.D. 130, 133-34 (E.D. Va. 2010) (declining to order production of section 3730(b)(2) statement based on finding that it was work product and the defendant had not demonstrated a substantial need and inability to obtain substantially equivalent information elsewhere). If, through discovery, Rolls-Royce still has a substantial basis for questioning Mr. Ramsey's status as an original source, it could then move the court to dismiss him from this suit. *Id.* at 133-34 (noting that the relator had been deposed "extensively" about the basis of his knowledge and had identified other persons who could corroborate or refute his "original source" status, discovery that could be pursued before making a motion raising the merits of an original

---

*General Dynamics,* 231 F.R.D. 378, 382 (N.D. Ill. 2005) (discussing district court cases regarding discoverability of section 3730(b)(2) statement).

source argument); Fed. R. Civ. P. 12(h)(3) (court's subject matter jurisdiction may be raised at any time).

### Conclusion

The motion for leave to take limited jurisdictional discovery (Dkt. 72) is DENIED. The relators are ordered to file, on or before November 14, 2011, a second amended complaint consistent with this order. The stay of discovery approved in the court's August 30, 2011 order (Dkt. 71) is LIFTED effective upon the filing of the second amended complaint. Absent further order of the court upon demonstration of substantial need or additional authority, Rolls-Royce cannot obtain production of the relators' section 3730(b)(2) submissions.

So ORDERED.

Date: __10/31/2011__

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

Jeff M. Barron
BARNES & THORNBURG LLP
jeff.barron@btlaw.com

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE
jill.julian@usdoj.gov

Michael Kanovitz
LOEVY & LOEVY
mike@loevy.com

William Lance McCoskey
UNITED STATES ATTORNEY'S OFFICE
william.mccoskey@usdoj.gov

Peter Abernethy Morse , Jr
BARNES & THORNBURG LLP
pmorse@btlaw.com

Anand Swaminathan
LOEVY & LOEVY
anand@loevy.com

Richard A. Waples
WAPLES & HANGER
rwaples@wapleshanger.com

Richard P. Winegardner
BARNES & THORNBURG LLP
rwinegar@btlaw.com