*Denied as moot on 11/16/11 in light of the filing of the Second Amended Complaint.*

*s/William T. Lawrence, Judge*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* THOMAS McARTOR and KEITH RAMSEY, | ) ) ) ) |
| Relators/Plaintiffs, | ) No. 1:08 Civ. 0133-WTL-DML ) ) |
| v. | ) ) |
| ROLLS-ROYCE CORPORATION, | ) ) |
| Defendant. | ) |

**ROLLS-ROYCE CORPORATION'S MOTION PURSUANT TO RULES 12(B)(1) AND 12(B)(6) TO DISMISS THE AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM**

Rolls-Royce Corporation ("Rolls-Royce") respectfully moves to dismiss Count I of the Amended Complaint (Dkt. 41) pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim.

1.   Relator Thomas McArtor is a disgruntled former employee. In the late summer of 2006, Rolls-Royce discovered that McArtor had been negligent in his duties and sought to correct McArtor's lapses. Rather than take responsibility for his performance deficiencies, McArtor started making a variety of complaints regarding Rolls-Royce to various government agencies, including complaints regarding Rolls-Royce's quality systems. But multiple government agencies investigated McArtor's claims regarding Rolls-Royce's quality systems and, as discussed in Rolls-Royce's accompanying Memorandum of Law, *all* discounted and dismissed his claims. *See* Rolls-Royce's Memorandum of Law at Parts I & II.

2.   Subsequently, on February 1, 2008, McArtor filed this lawsuit alleging that Rolls-Royce violated the False Claims Act (the "FCA"). After the Government declined to intervene

-2-

in the case, the Court unsealed McArtor's Complaint on December 6, 2010 and ordered that it be "served upon the Defendant[.]" Order, Dkt. 39, at ¶ 1. McArtor's attorneys took to the media in the following days to argue that Rolls-Royce had defrauded the Government, but McArtor did not serve his original Complaint as the Court instructed. Rather, almost ninety days later, McArtor filed a new Amended Complaint that purported to add the claims of a second Relator, Keith Ramsey, and proclaimed that thousands of payments under 180 or more contracts were "false claims." *See* Dkt. 41 at ¶¶ 121-43.

3. Rolls-Royce now moves to dismiss Count I of the Amended Complaint on three independent grounds: (1) The Court lacks jurisdiction under the public disclosure rule; (2) The Court lacks jurisdiction under the first-filed rule; and (3) Relators fail to plead an FCA claim with the particularity demanded by Fed.R.Civ.P. ("Rule") 9(b).[1]

4. First, the Court lacks jurisdiction over Count I under the applicable version of the "public disclosure" rule. 31 U.S.C. 3730(e)(4).[2] This doctrine divests courts of subject matter jurisdiction over *qui tam* claims which have previously been publicly disclosed. Here, prior to the addition of Ramsey, the allegations of Count I were publicly disclosed by virtue of the filing and unsealing of the original complaint and prior Government investigations into McArtor's allegations. Consequently, the Court has no jurisdiction over the claims brought by Ramsey. Moreover, because the claims brought by McArtor and Ramsey in Count I are so hopelessly commingled, it is impossible for the Court to decipher which "claims" it may have jurisdiction

---

[1] The Amended Complaint includes two retaliatory discharge claims on behalf of McArtor. *See* Dkt. 41 at Counts II and III. Rolls-Royce is answering these meritless allegations at the same time that it is filing the present motion to dismiss.

[2] Congress amended the public disclosure rule in 2009, but the amendment was not made retroactive. Since the Amended Complaint involves conduct occurring prior to 2009, it is subject to the prior version of Section 3730(e)(4). *Graham County Soil & Water Conservation Dist. v. U.S. ex rel. Wilson*, 130 S.Ct. 1396, fn. 1 (2010) (finding new version of Section 3730(e)(4) should not be retroactively applied); *Landgraf v. USI Film Prods.,* 511 U.S. 244, 114 S.Ct. 1483 (1994) (version of statute in effect at time of the alleged misconduct applies).

over and which ones it does not. Therefore, Count I as pled must be dismissed in its entirety. *See* Rolls-Royce's Memorandum of Law at Part III.

5. Second, the addition of Ramsey's claims to Count I violates the "first-to-file" rule—a second, independent jurisdictional defect in the Amended Complaint. 31 U.S.C. 3730(b)(5); *U.S. ex rel. Lujan v. Hughes Aircraft Co.*, 243 F.3d 1181, 1183 (9th Cir. 2009) (noting that first-filed rule is jurisdictional and dismissing FCA action under first filed rule for lack of subject matter jurisdiction). This rule bars the filing of a new relator's claims when those claims are based on facts underlying an ongoing FCA lawsuit. As Ramsey's claims are based on the allegations asserted in the original complaint, those claims must be dismissed under the doctrine (and, since those claims cannot be automatically severed from McArtor's, the entirety of Count I must be dismissed with leave for McArtor to attempt to distinguish his claims from those of Ramsey's). *See* Rolls-Royce's Memorandum of Law at Part IV.

6. Third, Count I should be dismissed under Rules 9(b) and 12(b)(6) because it fails to state a claim with the requisite particularity. *U.S. ex rel. Gross v. Aids Research Alliance-Chicago*, 415 F.3d 601, 604 (7th Cir. 2005) (holding Rule 9(b) applicable to FCA claims). Although filled with superficial details regarding disagreements over quality procedures, the Amended Complaint contains almost no particulars relevant to the ***false claims*** that are at the heart of the lawsuit—*e.g.*, the "who, what, when, where and how" of the purported fraud. No details of the Government's payments to Rolls-Royce are provided, no plausible basis for purported "fraud" is asserted, and no specifics are given regarding the overwhelming majority of the contracts that the Government was allegedly fraudulently induced to enter. Moreover, the broad assertions Relators do make about those contracts are flatly contradicted by the three particular contracts to which they actually cite. Accordingly, each of Relators' *qui tam*

-4-

allegations is ripe for dismissal for failure to state a claim.  *See* Rolls-Royce's Memorandum of Law at Part V.

7. A Memorandum of Law, including supporting Exhibits, is submitted in support of this motion. *See* Local Rule 7.1 of the Southern District of Indiana.

WHEREFORE, Rolls-Royce Corporation respectfully moves the Court to dismiss Count I of the Amended Complaint.

Respectfully submitted,

July 20, 2011

*/s/ Jeff M. Barron*
Peter A. Morse, Jr. (IN 17474-49)
Richard P. Winegardner (IN 17125-49)
Jeff M. Barron (IN 27730-49; IL 6269374)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone:  (317) 231-1313
Facsimile:   (317) 231-7433
pmorse@btlaw.com
rwinegardner@btlaw.com
jbarron@btlaw.com

**ATTORNEYS FOR ROLLS-ROYCE CORPORATION**

-5-

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to the following counsel; parties may access this filing through the Court's system.

Richard A. Waples
WAPLES & HANGER
410 North Audubon Road
Indianapolis, IN 46219
richwaples@aol.com

Michael Kanovitz
Anand Swaminathan
LOEVY & LOEVY
312 North May Street, Suite 100
Chicago, IL 60607

COUNSEL TO RELATORS

Jill Z. Julian
William Lance McCloskey
UNITED STATES ATTORNEY'S OFFICE
10 West Market Street, Suite 2100
Indianapolis, IN 46204
jill.julian@usdoj.gov
william.mccoskey@usdoj.gov

COUNSEL TO THE UNITED STATES OF AMERICA

/s/ Jeff M. Barron